ELECTRONICALLY FILED
Aug 12 2019
U.S. DISTRICT COURT
Northern District of WV

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

GREGORY BOWLES,

Plaintiff,

v.

Case No. 1:19-CV-154 (Keeley/Aloi)

CVS PHARMACY,

Defendant.

**NOTICE OF REMOVAL**

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant, West Virginia CVS Pharmacy, L.L.C. (improperly identified as CVS Pharmacy), ("CVS") hereby files this Notice of Removal, removing the action captioned as *Gregory Bowles v. CVS Pharmacy,* Case No. CC-24-2019-C-120, presently presiding in the Circuit Court of Marion County, West Virginia (the "State Court Action"), to the United States District Court for the Northern District of West Virginia. In support of its Notice of Removal, CVS states as follows:

## I. Background

1. Plaintiff, Gregory Bowles, seeks compensatory, expectation, and punitive money damages based on an incident which allegedly occurred during June through July 2017, for allegations of being made fun of because of a speech impediment. Plaintiff filed a complaint (the "Complaint") in the State Court Action on July 10, 2019. In the Complaint, Plaintiff states that he seeks One Hundred Million Dollars ($100,000,000.00). In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as Exhibit "A".

2. CVS was served with the complaint by personal service on July 12, 2019.

3. CVS has not yet filed a responsive pleading in the Circuit Court of Marion County, West Virginia.

**II. Statement of Jurisdiction**

4. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5. 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

6. Because Gregory Bowles, as the named Plaintiff, has pled an amount in controversy in excess of $75,000 and the claim is between citizens of different states, this case lies within the original subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

**A. The Amount in Controversy Exceeds the Jurisdictional Threshold of Seventy-Five Thousand Dollars.**

7. In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002). Importantly, "the appropriate measure is not the amount of damages Plaintiffs will ultimately recover, but rather the *alleged* amount in controversy." *Hardig v. Certainteed Corp.*, No. 3:11CV535, 2012 U.S. Dist. LEXIS 15852, at *3 (W.D.N.C. Feb. 9, 2012) (emphasis added). If the removing party establishes by a preponderance of the evidence that an excess of $75,000 is in controversy, the District Court must exercise its jurisdiction. *Perilli v. Nationwide Mut. Ins. Co.*, No. 5:10-cv-56, 2011 U.S. Dist. LEXIS 64779, at *9 (N.D. W. Va. June 17, 2011); *see also Cum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation to exercise

the jurisdiction given them.'" (citation omitted)).

8. When determining the amount in controversy, the Court should consider the "cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record." *Miller v. Bank of America*, No. 1:10-cv-213, 2011 U.S. Dist. LEXIS 62991, at *4 (N.D. W. Va. June 13, 2011). In cases involving unspecified damages, such as the case at bar, the Court should consider the Complaint and the "[t]ype and extent of the plaintiffs injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate." *Weddington v. Ford Motor Credit*, 59 F. Supp. 2d 578, 584 (S.D. W. Va. 1999) (*citing Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997) (internal citations omitted)).

9. Separate claims for relief by a plaintiff in a single cause of action may be combined and aggregated together to meet the amount in controversy requirement "even if no individual claim exceeds the jurisdictional amount." *Long & Foster Real Estate, Inc. v. NRT Mid-Atlantic, Inc.*, 357 F. Supp. 2d 911, 920 (E.D. Va. 2005); *see Massey v. Green Tree Servicing, LLC*, No. 5:10-cv-533, 2011 U.S. Dist. LEXIS 34929 (S.D. W. Va. Mar 30, 2010). Additionally, Plaintiff's demands for actual damages and punitive damages should be considered by the Court in determining the amount in controversy. *See, e.g., Maxwell v. Wells Fargo Bank, N.A.*, No. 2:09-CV-500, 2009 U.S. Dist. LEXIS 94476, at *6-14 (S.D. W. Va. Oct. 9, 2009) (including statutory damages, actual damages, and attorneys' fees in the calculation of the jurisdictional amount in controversy and specifically holding that attorneys' fees were to be included; *Weddington*, 59 F. Supp. 2d at 584-85 (including actual damages, punitive damages, and attorneys' fees as part of the amount in controversy).

10. In this case, Plaintiff is seeking "$100,000,000.00". Plaintiff also alleges that as a result of actions, the Plaintiff has suffered severe emotional distress, humiliation, embarrassment, and other general damages, some of which are reasonably certain to continue into the future." Thus, the alleged amount is actually much greater than $75,000.

11. In addition to the above-described alleged damages, which alone exceed the jurisdictional threshold, Plaintiff is seeking one hundred million dollars. (Complaint at par. 33). As stated above, Plaintiff seeks emotional distress damages. The Court must consider these requested damages in determining the amount in controversy. *See Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 24 (S.D. W. Va. 1994) (holding jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience). A claim for emotional damages, standing alone, would be sufficient to satisfy the $75,000 amount in controversy requirement. *Weddington*, 59 F. Supp. 2d at 584 (holding that the $75,000 amount in controversy requirement was satisfied when plaintiff, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation as a result of alleged credit damages.) The *Weddington* Court reasoned that while a judgment as to these particular pleas may vary significantly, the Court "is not required to leave its common sense behind." Therefore, on the basis of these damages alone, the Court finds that it would not be unreasonable for a damage judgment to be entered in this case in excess of the jurisdictional requisite of $ 75,000. *Id.* (internal citation omitted). Thus, Plaintiff's unspecified alleged actual damages could easily exceed the $75,000 amount in controversy requirement.

**B. Complete Diversity of Citizenship Exists Between Plaintiff and CVS**

12. There is diversity of citizenship between Plaintiff and CVS.

13. As alleged in the Complaint, Plaintiff is a resident of West Virginia.

14. West Virginia CVS Pharmacy, L.L.C. is a wholly owned subsidiary of CVS Pharmacy, Inc., which in turn is a wholly owned subsidiary of the publicly traded CVS Health Corporation.

15. West Virginia CVS Pharmacy, L.L.C. is a limited liability company organized under the laws of West Virginia with a principal place of business at One CVS Drive, Woonsocket, Rhode Island.

16. CVS Pharmacy, Inc. is the sole member of West Virginia CVS Pharmacy, L.L.C.

17. CVS Pharmacy, Inc. is a corporation incorporated in Rhode Island with its principal place of business located at One CVS Drive, Woonsocket, Rhode Island.

18. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members. *Central W. Va. Energy Co. v. Mountain State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011).

19. The citizenship of West Virginia CVS Pharmacy, L.L.C. is Rhode Island.

20. Because Plaintiff and CVS are residents of different states, there is diversity of citizenship.

**C. Compliance with Legal Requirements for Removal and Reservation of Rights**

21. Removal of the State Court Action is timely because it is within thirty (30) days of service of the Complaint on Defendant. See 28 U.S.C. 1446(b); Fed. R. Civ. P. 6(a).

22. Removal is properly made to the United States District Court for the Northern District of West Virginia under 28 U.S.C. 1446(b); Fed. R. Civ. P. 6(a) because Ohio County, West Virginia, where this action is currently pending, sits within the Northern District of West Virginia. See 28 U.S.C. §118(c).

23. A copy of this Notice of Removal will be filed with the Circuit Clerk of Marion County and served upon Mr. Bowles, as required by 28 U.S.C. § 1446(d).

24. If any question arises as to the propriety of the removal of this State Court Action, CVS respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

25. By filing this Notice of Removal, CVS does not intend to waive and hereby expressly reserves the right to assert any defense or motion available in this action pursuant to state or federal law after removal to this Court, including, but not limited to, objections regarding jurisdiction, venue, sufficiency of process or the service of process.

WHEREFORE, CVS removes to this Court the above-captioned action now pending in the Circuit Court of Marion County, West Virginia.

Dated: August 12, 2019

BURNS WHITE LLC

By: /s/ Phillip T. Glyptis

BURNS WHITE LLC
Phillip T. Glyptis (WV I.D. # 9378)
The Maxwell Center
32 20th Street, Suite 200
Wheeling, WV 26003
E-mail: ptglyptis@burnswhite.com
(304) 231-1013 – Direct
(304) 233-1363 - Fax

Robert J. Behling (WV I.D. #6406)
Burns White Center
48 26th Street
Pittsburgh, PA 15222
E-mail: rjbehling@burnswhite.com
(412) 995-3193 – Direct
(412) 995-3300 – Fax
*Counsel for Defendant, West Virginia CVS Pharmacy, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, a true and correct copy of the foregoing Notice of Removal (including all exhibits thereto) has been made available for downloading from the Court's electronic filing system and is being served via U.S. Mail, postage prepaid, upon the following:

Gregory Bowles
116 Glen Abbey Lane
Morgantown, WV 26508
*Plaintiff*

By: */s/ Phillip T. Glyptis*

BURNS WHITE LLC
Phillip T. Glyptis (WV I.D. # 9378)
The Maxwell Center
32 20th Street, Suite 200
Wheeling, WV 26003
E-mail: ptglyptis@burnswhite.com
(304) 231-1013 – Direct
(304) 233-1363 - Fax

Robert J. Behling (WV I.D. #6406)
Burns White Center
48 26th Street
Pittsburgh, PA 15222
E-mail: rjbehling@burnswhite.com
(412) 995-3193 – Direct
(412) 995-3300 – Fax
*Counsel for Defendant, West Virginia CVS Pharmacy, LLC*