IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **GREGORY BOWLES,**<br><br>**Plaintiff**,<br><br>v.<br><br>**CVS PHARMACY,**<br><br>**Defendant**. | **CIVIL ACTION NO: 1:19-CV-154**<br>**(JUDGE KEELEY)** |

## AMENDED REPORT AND RECOMMENDATION RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED

This matter is before the undersigned pursuant to a referral order entered by Honorable Senior United States District Judge Irene M. Keeley on August 12, 2019 (ECF No. 2). Plaintiff Gregory Bowles, proceeding *pro se*, filed a Complaint in this matter in the Circuit Court of Marion County, West Virginia, on July 10, 2019 (ECF No. 13-1 at 1). Defendant CVS Pharmacy, L.L.C., filed a Notice of Removal and removed this action to the United States District Court for the Northern District of West Virginia, Clarksburg Division on August 12, 2019 (ECF No. 1 at 1-7). On August 19, 2019, Defendant filed a Motion to Dismiss *Plaintiff's Complaint* (ECF No. 4). The undersigned entered a Roseboro Notice (ECF No. 8) notifying Plaintiff of his right to respond to Defendant's Motion to Dismiss on August 20, 2019. Plaintiff accepted service of the Roseboro Notice on August 23, 2019 (ECF No. 10). As of the date of this Report and Recommendation, Plaintiff has not filed a response. Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** Defendant CVS Pharmacy, L.L.C.'s Motion to Dismiss *Plaintiff's Complaint* (ECF No. 4) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

1

## I.    CONTENTIONS OF THE PARTIES

**A. Plaintiff's Complaint**

Plaintiff, proceeding *pro se,* filed a Civil Case Information Statement, a letter acting as Plaintiff's Complaint ("Pl's Compl."), and several attachments in the Circuit Court of Marion County, West Virginia on July 10, 2019. (ECF No. 13 at 1). Plaintiff's letter[1] is titled "Complaint for justice for the Disabled." (ECF No. 13-2 at 2, 4). Plaintiff's Complaint states that he was "treated less favorably by" Defendant CVS Pharmacy located at 300 Fairmont Avenue, Fairmont, W…V 26554. (ECF No. 13-2 at 2, 4). Plaintiff states he was "treated less favorably" by Defendant CVS Pharmacy as a result of his disability. Id. Plaintiff claims he experienced the less favorable treatment "around June 2017 – July 2017" Id.

Plaintiff states that he went to the CVS Pharmacy at 300 Fairmont Avenue in Fairmont, W.V. to purchase his "monthly medications" that he is required to take as prescribed by his physician and psychiatrist to aid in facilitating improved mental and physical health. Id. Plaintiff states that he has a "speech impediment" and suffers from "many other disabilities such as diabetes, high blood pressure, depression, bipolar disorder, and surgery which led" to a stent being placed in Plaintiff's heart in 2017. Id. Plaintiff states his disabilities make it more difficult for him to "function unlike someone who does not have these issues." Id.

Plaintiff claims that the employees at the CVS Pharmacy on Fairmont Avenue in Fairmont, W.V., "thought it was funny the way" Plaintiff "speak[s] and began to laugh" and "make fun" of Plaintiff while he placed his order for his medications. Id. Plaintiff claims that the employees were

---

[1] It appears from the Certified State Court Docket (ECF No. 13) that Plaintiff filed four letters (*See* ECF No. 13-2 at 1-4) all stating essentially the same set of facts operating as his Complaint with only minor variations in wording. However, only two of the letters include a request for damages, both of which request $100,000,000 (*See* ECF No. 13-2 at 2, 4). The letters that include a request for damages will be referenced herein as Plaintiff's Complaint ("Pl's Compl.").

"loud enough for other[s] in that department to store to hear as well" and that his wife witnessed the events. Id. Plaintiff claims he was "publicly humiliated" thereby increasing his "anxiety" and causing his heart "to race." Id. Plaintiff believed, as a result of these events, he "was going to have a heart attack." Id. Plaintiff alleges that his wife checked his blood pressure and "it was at stroke status." Id. Plaintiff claims he was "completely brushed off" by a CVS employee and contacted the supervisors of Defendant CVS Pharmacy in Fairmont, W.V. Id.

Plaintiff states that he has sent letters and attempted to contact the corporate office but has not received the information he seeks. Id. In response to his Complaint, Plaintiff states he "would like" Defendant CVS to explain what steps it intends to take to "make this legal duty; to allow disabled people," and, if "no action is taken please explain the reason why." Id. Plaintiff states that he has been "hospitalized several times" following his experience and his "medications, anxiety, and other diagnoses have been discovered due to the trauma that has been caused by the lack of respect and common courtesy for the disabled." Id. Plaintiff attaches to his letter that he is "[a]sking for 100,000,000." Id. Plaintiff further states that if he does "not receive an adequate reply within 14 days", he "reserves the right to take action under" the "Equality Act." Id.

**B. Defendant's Motion to Dismiss**

Defendant CVS Pharmacy, L.L.C., filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 4) on August 19, 2019. Defendant requests this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 4-1 at 2). In construing Plaintiff's letter acting as his Complaint, Defendant avers that Plaintiff has asserted three potential claims against Defendant CVS Pharmacy: "(1) violation of the Equality Act (not yet enacted into law); (2) disability discrimination; and (3) infliction of emotional distress." (ECF No. 4-1 at 4).

Defendant contends that Plaintiff's Complaint "is nothing more than a vague and ambiguous recounting of an interaction on an unspecified date devoid of essential, actionable facts" because Plaintiff does not "articulate the specific conduct of Defendant's employees that caused injury." Id. Defendant alleges that Plaintiff's allegations "are wholly insufficient to meet the minimum pleading threshold established by *Twombly* and *Iqbal*." Id. at 5. Defendant further alleges that Plaintiff's Complaint fails "to provide enough specificity to apprise this Defendant of the particular conduct that allegedly caused harm." Id. As a result, Defendant requests Plaintiff's Complaint be dismissed for failure to state a claim. Id.

Regarding Plaintiff's potential claim under the "Equality Act", Defendant asserts that the "Equality Act, House Bill 5 (2019), is a bill passed by the United States House of Representatives on May 17, 2019." Id. However, Defendant points out that the bill has not "made its way out of the committee stage" in the United States Senate and, therefore, has not been enacted into law. Id. As a result, Defendant argues that Plaintiff's "claim for any violation of the Equality Act must be dismissed." Id.

Next, Defendant addresses Plaintiff's potential claim for intentional or reckless infliction of emotional distress. Id. Defendant argues that "Plaintiff's claims fail to demonstrate that the conduct of Defendant's employees was of the type that could reasonably be deemed to 'exceed the bounds of decency'" and further fails to "rise to the level of outrage required to make such a claim." Id. at 6. Defendant argues that because "Plaintiff has not articulated when the comment was made, who made the comment, and what exactly the comment was" that Plaintiff found offensive and humiliating, Plaintiff's allegations "regarding treatment by store staff does not support a finding of conduct so severe that a reasonable person would be unable to endure it." Id. at 6-7. As a result,

Defendant argues that Plaintiff's claims should be dismissed because "any conduct was not intentionally or recklessly done." Id. at 7.

Defendant next addresses Plaintiff's potential claim of disability discrimination. Defendant avers that any claims Plaintiff may be attempting to allege for disability discrimination under "the Americans with Disabilities Act, the West Virginia Human Rights Act, or similar Federal or State statutes . . . are entirely devoid of any allegations that CVS committed disability discrimination." Id.

Finally, Defendant argues that Plaintiff's claims fall under the "West Virginia Medical Professional Liability Act ("MPLA"), *West Virginia Code* § 55-7B-1, *et seq*. Id. Defendant further argues that CVS Pharmacy is a "health care facility" as defined under *West Virginia Code* §55-7B-2(g) and Plaintiff's Complaint alleges "a failure to properly render 'health care.'" Id. at 7-8. Therefore, Defendant contends that Plaintiff's claims are subject the pre-suit requirements under the West Virginia Medical Professional Liability Act ("MPLA") and Plaintiff has failed to comply with the provisions of the MPLA. Id. at 8-9. Specifically, Defendant argues that Plaintiff did not comply with the provisions of the MPLA requiring a Plaintiff to provide "pre-suit notice at least thirty (30) days prior to the filing of a medical professional liability action against a health care provider like CVS" which further requires a Plaintiff to obtain and submit a "screening certificate of merit." Id. at 9. Because Plaintiff has failed to comply with these provisions, Defendant requests this Court to dismiss this action. Id.

## II.     APPLICABLE LAW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For a complaint to survive dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to

state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E. I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002).

Detailed factual allegations are not required. Twombly, 550 U.S. at 555. However, the factual allegations must "be enough to raise a right to relief above the speculative level" (Id. at 555) – to be "plausible on its face," rather than merely "conceivable." Id. at 548. A "sheer possibility that a defendant has acted unlawfully" is not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct 1937, 1949, 173 L.Ed.2d 868 (2009). Rather, the plausibility standard is met when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As stated by the Southern District of West Virginia in Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D. W. Va. August 26, 2014), according to Iqbal and the interpretation given it by our appeals court,

> [L]egal conclusions, elements of a cause of action, and bare assertions devoid of further enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes. See Iqbal, 556 U.S. 662, 129 S.Ct. at 1949 (2009). We also decline to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Area Med. Ctr., Inc., 562 F.3d 599, 615 n. 26 (4th Cir. 2009); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1951-52.
>
> Ultimately, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Facial plausibility is established once the factual content of a complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. In other words, the complaint's factual allegations must produce an inference of liability strong enough to nudge the plaintiff's claims "across the line from conceivable to plausible." Id. at 1974 (quoting Twombly, 550 U.S. at 570).

Mid-Vol Coal Sales, Inc. v. Balli Steel PLC, No. 1:11-0985; 2:14-06264, 2014 U.S. Dist. LEXIS 194992, at *4-6 (S.D.W. Va. August 26, 2014) (quoting Nemet Chevrolet, LTD v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1999)). The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, courts must "liberally construe" complaints filed *pro se*. Smith v. Smith, 589 F.3d 736, 739 (4th Cir. 2009).

When deciding a Rule 12(b)(6) motion to dismiss, the district court is limited to the allegations set forth in the complaint. See Kennedy v. Chase Manhattan Bank, 369 F.3d 833, 839 (5th Cir. 2004); *cf*. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984).

### III.   LEGAL ANALYSIS

As Defendant contends, and the undersigned agrees, in viewing Plaintiff's Complaint in the light most favorable to him and drawing all reasonable inferences from Plaintiff's pleadings, Plaintiff's Complaint alleges three potential claims: (1) violation of the Equality Act; (2) disability discrimination; and (3) infliction of emotional distress.

### A. The Equality Act has not yet been enacted into law and, therefore, any claim Plaintiff makes under the Act should be dismissed for failure to state a claim.

Plaintiff specifically states in his Complaint that he "reserves the right to take action under" the "Equality Act." (ECF No. 13-2 at 2, 4). The Equality Act, H.R. 5, 116th Congress (2019)[2], passed the United States House of Representatives on May 17, 2019. The Equality Act seeks to amend the Civil Rights Act of 1964 to "prohibit discrimination . . . on the basis of the sex, sexual orientation, gender identity, or pregnancy, childbirth, or a related medical condition of an individual, as well as because of sex-based stereotypes." The bill was received by the United States Senate on May 20, 2019, and referred to the Committee on the Judiciary. As of the date of this Report and Recommendation, no further reported action has been taken by the United States Senate regarding the Equality Act, H.R. 5, 116th Congress (2019). As such, because the Equality Act has not been enacted into law, the undersigned **RECOMMENDS** any claim Plaintiff attempts to bring under the Act be **DISMISSED** for failure to state a claim upon which relief can be granted.

### B. Any claim Plaintiff has made for disability discrimination has not been plead with enough particularity to meet the standards of *Twombly* and *Iqbal*.

Plaintiff's Complaint arises from an incident he alleges occurred at the CVS Pharmacy in Fairmont, West Virginia, between the months of June and July of 2017. (ECF No. 13-2, at 2, 4). Plaintiff alleges he was "made fun of" and laughed at by unnamed employees of CVS Pharmacy in Fairmont, West Virginia as a result of his speech impediment and other disabilities when he attempted to have his medications filled at the CVS Pharmacy. Id. Plaintiff states that he has been "hospitalized several times" following his experience and his "medications, anxiety, and other diagnoses have been discovered due to the trauma that has been caused by the lack of respect and common courtesy for the disabled." Id. Plaintiff attaches to his letter that he is "[a]sking for

---

[2] *See* Equality Act, 116 Bill Tracking H. R. 5, 2019 Bill Tracking H. R. 5, 116 Bill Tracking H. R. 5 (LexisAdvance).

100,000,000." Id. Plaintiff's allegations do not identify when the event occurred nor the names of the employees that participated in the conduct. Plaintiff has not specifically identified any claims under the Americans with Disabilities Act, the West Virginia Human Rights Act, or any similar Federal or State statutes. As a result, Plaintiff's claims are not factually sufficient to state a plausible claim for relief nor is Plaintiff's factual assertions sufficient to give the Defendant notice of what the claim is and the grounds upon which it rests as required by *Twombly* and *Iqbal*. Therefore, the undersigned **RECOMMENDS** any claim Plaintiff makes for disability discrimination be **DISMISSED**.

    **C. Plaintiff similarly fails to meet the standards of *Twombly* and *Iqbal* with regard to any claim for intentional or reckless infliction of emotional distress.**

Plaintiff alleges he was he was "publicly humiliated" by employees of Defendant CVS Pharmacy in Fairmont, West Virginia, thereby increasing his "anxiety" and causing his heart "to race." (ECF No. 13-2 at 2, 4). Plaintiff believed, as a result of these events, he "was going to have a heart attack." Id.

The West Virginia Supreme Court of Appeals identified the elements of a claim of intentional infliction of emotional distress in the case of Travis v. Alcon Laboratories, Inc., stating as follows:

> The four elements of the tort can be summarized as: (1) conduct by the defendant which is atrocious, utterly intolerable in a civilized community, and so extreme and outrageous as to exceed all possible bounds of decency; (2) the defendant acted with intent to inflict emotional distress or acted recklessly when it was certain or substantially certain such distress would result from his conduct; (3) the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Travis v. Alcon Laboratories, Inc., 202 W. Va. 369, 375, (1998). The West Virginia Supreme Court of Appeals emphasized that the conduct at issue must be so extreme and outrageous "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

a civilized community." Id. (quoting Tanner v. Rite Aid of W. Va., 194 W. Va. 643, 651 (1995)). "[C]onduct that is merely annoying, harmful of one's rights or expectations, uncivil, mean-spirited, or negligent does not constitute outrageous conduct." Courtney v. Courtney, 186 W. Va. 597, 602, (1991).

Here, taking Plaintiff's allegations as true and in the light most favorable to him, while the conduct of the CVS Pharmacy employees was undoubtedly insensitive, unfair, and mean-spirited, the undersigned is of the opinion that Plaintiff has not plead facts sufficient to meet the elements of intentional infliction of emotional distress, namely, that the Defendant's conduct was extreme and outrageous or committed with the intent of causing Plaintiff emotional distress. Accordingly, the undersigned **RECOMMENDS** any claim Plaintiff has made for infliction of emotional distress be **DISMISSED**.

> **D. Plaintiff has failed to comply with the pre-suit requirements of the West Virginia Medical Professional Liability Act ("MPLA") under West Virginia Code §55-7B-1, *et seq*.**

As Defendant has alleged, and the undersigned agrees, Defendant CVS Pharmacy meets the definition of a "health care facility" and is thereby, a health care provider subject to the pre-suit requirements of the West Virginia MPLA. (*See* ECF No. 4-1 at 7-9). Namely, Plaintiff has failed to give "pre-suit" notice to Defendant including obtaining a screening certificate of merit under West Virginia Code § 55-7B-6(b). Therefore, the undersigned **RECOMMENDS** Defendant CVS Pharmacy's Motion to Dismiss (ECF No. 4) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

## IV.     RECOMMENDATION

Accordingly, for the reasons stated herein, the undersigned **RECOMMENDS** Defendant CVS Pharmacy's Motion to Dismiss *Plaintiff's Complaint* (ECF No. 4) be **GRANTED** and Plaintiff's Complaint be **DISMISSED**.

Any party shall, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: December 20, 2019

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE